# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STANLEY J. SADLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br><br>No. 11-1370-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability benefits (SSD) and Supplemental Security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding that the ALJ erroneously accorded "substantial weight" to the opinion of a single decisionmaker (SDM), the court ORDERS that the final decision of the Commissioner is REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings.

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I. Background

Plaintiff applied for SSD and SSI on June 28, 2007, alleging disability beginning August 31, 2006. (R. 10, 110-18). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 10, 53-56, 73-74). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Linda L. Sybrant on August 19, 2009. (R. 10, 19-20). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 10, 19-52).

On October 30, 2009, ALJ Sybrant issued her decision in this case finding that although Plaintiff has a severe combination of impairments, he does not have an impairment or combination of impairments which meets or equals the severity of a Listed Impairment. (R. 10-13). She found that Plaintiff has the residual functional capacity (RFC) to perform a range of light work restricted by postural and mental limitations. (R. 13-17). Based upon the RFC assessed and the testimony of the vocational expert, the ALJ determined that Plaintiff is able to perform his past relevant work as a traffic clerk, both as actually performed by Plaintiff and as generally performed in the economy. (R. 17-18). Therefore, she determined Plaintiff is not disabled within the meaning of the Act, and denied his applications for benefits. (R. 18).

Plaintiff sought review of the ALJ's decision by the Appeals Council and twice submitted arguments to the Council. (R. 6, 240-47). The Council received and considered Plaintiff's briefs and made them a part of the administrative record in this

case. (R. 1-4). However, the Council found that the briefs did not provide a basis for changing the ALJ's decision, found no reason under the rules of the Social Security Administration to review the decision, and denied Plaintiff's request for review. (R. 1-4). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither

reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2009);[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir.

---

[2]The Commissioner's decision in this case was issued on October 30, 2009, and, unless otherwise noted all citations to the Code of Federal Regulations in this opinion

2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

---

refer to the 2009 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2009.

At step five, the burden shifts to the Commissioner to show there are jobs in the economy within Plaintiff's RFC. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

In seventeen pages of argument, Plaintiff made numerous allegations of error relating to application of the Commissioner's psychiatric review technique, RFC assessment, evaluation of the credibility of Plaintiff's allegations of symptoms, and evaluation of the medical opinions of Plaintiff's treating physicians. (Pl. Brief 13-29). The Commissioner responded to each argument. (Comm'r Br. 4-14). The court will not become bogged down with consideration of each of Plaintiff's numerous arguments, because it finds an error which requires remand for proper consideration. That error is the ALJ's consideration of the opinion of an SDM as if it were the medical opinion of a state agency physician. On remand, Plaintiff may make her remaining arguments, and the Commissioner may address them in the first instance.

## III. Discussion

The ALJ made this finding regarding Exhibit 6F in the administrative record:

> A State agency physician reviewed the claimant's record in July 2007 and opined that he could perform a wide range of light work activity (Exhibit 6F [(R. 271-78)]). The undersigned finds this assessment to be consistent with the objective record and gives it substantial weight.

(R. 17).

Plaintiff argues that Exhibit 6F was completed by a non-medical state agency technician, and that it is error to accord "substantial weight" to such an opinion. (Pl. Brief 16-17). Plaintiff explains his rationale--that there is nothing in the record to

6

indicate that "J. Mitchell," the individual who signed the exhibit, is an acceptable medical source, that the form does not contain a medical consultant code, and that therefore, "[i]t would appear, at most, that this is a single decision maker." (Pl. Brief 17). In her response, the Commissioner acknowledges that Exhibit 6F was completed by an SDM, that an SDM is not an acceptable medical source, and that "the opinion of an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources." (Comm'r Br. 14) (quoting McGlothin v. Astrue, Case No. 08-1117-WEB, 2009 WL 2407699, *3 (D. Kan. Aug. 4, 2009)). Then, in two sentences the Commissioner implies that the ALJ's RFC assessment should be affirmed because it is supported by other record evidence:

> Nevertheless, the ALJ's finding that Plaintiff could perform a wide range of light work is well supported by Plaintiff's testimony given under oath at the hearing. Moreover, Plaintiff's past relevant work as a traffic clerk was semi-skilled and performed at the sedentary level of exertion.

(Comm'r Br. 14) (citing (R. 17-18, 47-48)).

As Plaintiff's argument suggests, it is not absolutely clear whether the "Physical Residual Functional Capacity Assessment" form at Exhibit 6F was prepared by a medical professional or by an SDM. The form is signed in the "Medical Consultant's Signature" block by "J. Mitchell," and is dated "07/23/2007." (R. 278). However, there is nothing entered in the next block entitled "Medical Consultant's Code." Id. Moreover a "Case Development Sheet" at Exhibit 11F reveals that the "examiner" in this case was "JEM013," and contains a note that a "VOC ANALYSIS" was entered on "07/23"

7

showing an "RFC for light work." Moreover, the record reveals that a medical doctor, Dr. Siemsen, reviewed the case file on October 4, 2007 and noted that "SDM #13's 07/23/07 Light RFC is affirmed as written." (R. 358). Although the record evidence supports finding that "J. Mitchell" is an SDM, the court need not make such an affirmative finding because the Commissioner admits that Exhibit 6F was completed by an SDM.

The court merely cites the record evidence to explain why it was possible--in fact likely--that an ALJ might erroneously accept an SDM opinion as the medical opinion of an acceptable medical source. As a court in this district noted more than three years ago:

> The court is troubled by the Commissioner's use of RFC Assessment forms completed by "single decision makers" who are not "acceptable medical sources" within the meaning of the regulations but who "sign" the forms by placing their name (without title such as Mr., Ms., M.D., or Ph.D.) in the space designated "Medical Consultant's Signature" and without explanation that they are not an "acceptable medical source," a medical consultant, or any kind of medical professional. This practice leads to errors where ALJ's accept or rely upon the SDM's RFC assessment as a medical opinion. Houghtaling v. Astrue, No. 08-2656-KHV-GBC, slip op. at 2, 3, (D. Kan. Nov. 10, 2009)(recognizing ALJ erroneously relied upon opinion of SDM) adopted by district court, (Dec. 1, 2009); Stanley v. Astrue, No. 09-20485-CIV, 2009 WL 3060394 (S.D. Fla. Sept. 24, 2009)(remanding with directions not to rely upon determination by SDM); Lawrence v. Astrue, No. 08-cv-00483-RPM, 2009 WL 3158149 at *1 (D. Colo. Sept. 24, 2009)(ALJ gave "significant weight" to report of SDM); Foxx v. Astrue, No. 08-00403-KD-B, 2009 WL 2899048 at *7, (S.D. Ala. Sept. 3, 2009)(ALJ relied upon SDM assessment); Lindsay v. Astrue, No. 08-0892-CV-W-GAF-SSA, 2009 WL 2382337 at *4 (W.D. Mo. July 30, 2009)(ALJ factually incorrect in referring to SDM as medical consultant); Johnson v. Astrue, No. 4:07CV1715 JCH, 2009 WL 1531843 at *2 (E.D. Mo. May 29, 2009)(Commissioner agreed ALJ relied upon RFC of SDM); Smith v. Astrue, No. 3:07-cv-1165-J-TEM, 2009 WL 890391 at *11 (M.D. Fla. March 31, 2009)(ALJ improperly classified SDM as physician); Moore v.

> Astrue, No. 07-115-GWU, 2008 WL 4400685 at *5 (E.D. Ky. Sept. 23, 2008)(ALJ relied upon opinion of, among others, SDM); Jones v. Astrue, No. 1:07-cv-0698-DFH-WTL, 2008 WL 1766964 at *9 (S.D. Ind. April 14, 2008)(ALJ weighed opinion of SDM as opinion of a nonexamining physician); Burnham v. Astrue, No. 06-124-P-H, 2007 WL 951386 at *2 (D. Me. March 27, 2007)(ALJ wrongly accorded weight to opinion of SDM). Moreover, at least one court in this district has relied upon the opinion of a single decision maker, along with other evidence, as "medical evidence that plaintiff can work full-time." Sawyer v. Astrue, No. 08-2114-KHV, 2009 WL 634666 at *7 (D. Kan. March 11, 2009)(report and recommendation)(emphasis added).

Kempel v. Astrue, No. 08-4130-JAR, 2010 WL 58910, *7 (D. Kan. Jan. 4, 2010).

Once again, in this case an ALJ has treated the opinion of an SDM as the medical opinion of an acceptable medical source. The court notes that in most cases, the record also contains the opinion of a medical doctor, such as Dr. Siemsen in this case, reviewing and affirming or adjusting the opinion of the SDM. Occasionally, the ALJ will rely upon both opinions when according weight to the state agency consultants' opinion, and the court is able to determine that any error was harmless, because the ALJ also relied upon the medical opinion of the reviewing physician. Here, however, the ALJ made no mention of Dr. Siemsen's opinion. Therefore, her RFC assessment is based on the "substantial weight" erroneously accorded to the SDM opinion alone. That is error. The question is whether the error is harmless.

The court cannot find the error is harmless in this case. Although the harmless error statute, 28 U.S.C. § 2111, is not strictly applicable to judicial review of an administrative decision, courts have applied it to cases in which a remand would be merely a waste of time and money. Kerner v. Celebreeze, 340 F.2d 736, 740 (2d Cir.

1965) (no reason the rule should not be applied in judicial review of administrative decision); see also, Bernal v. Bowen, 851 F.2d 297, 302 (10th Cir. 1988) (harmless error for ALJ rather than psychologist to fill out Psychiatric Review Technique Form (PRTF)); and, Arroyo v. Apfel, No. 99-4060, 1999 WL 1127656, *2 (10th Cir. Dec. 9, 1999) (Where there is substantial evidence in the record to support the ALJ's conclusion in the PRTF, failure to explicitly relate the evidence to the conclusions is harmless error.). In 2004, the Tenth Circuit specifically considered whether a harmless error analysis should be applied to consideration of a missing dispositive finding in a Social Security disability case. Allen v. Barnhart, 357 F.3d 1140, 1144-45 (10th Cir. 2004) (citing Glass v. Shalala, 43 F.3d 1392, 1396-97 (10th Cir. 1994); Gay v. Sullivan, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993); Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)). The court concluded:

> Two considerations counsel a cautious, if not skeptical, reception to this idea. First, if too liberally embraced, it could obscure the important institutional boundary preserved by Drapeau[ v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)]'s admonition that courts avoid usurping the administrative tribunal's responsibility to find the facts. Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943) and its progeny.
>
> With these caveats, it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

Id. 357 F.3d at 1145.

In the circumstances of this case, where the Department of Veterans Affairs granted100 percent disability compensation to Plaintiff and where the weight to be accorded to the treating source opinions of Dr. Pope and Dr. Sinclair is central to the issue of disability, the court cannot confidently say that <u>no</u> reasonable administrative factfinder, following the correct analysis, could find that Dr. Siemsen's opinion is worthy of lesser weight than the opinions of Drs. Pope and Sinclair. Therefore, remand is necessary for proper consideration of the medical opinions, recognizing that Exhibit 6F is not a medical opinion and may not be accorded any weight in its own right.

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings.

Dated this 27<u>th</u> day of February 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum
United States District Judge**